Good morning ladies and gentlemen. Welcome to the Ninth Circuit. We're pleased to have you here today. We have four matters on the docket, one of which has been submitted. We'll officially submit that at this time. That is Barrientos-Lopez v. Barr. The first case for argument this morning is Rose v. Guyer, Attorney General for the State of Montana. Do you want to proceed, Counsel? My name is David Ness. I'm with the Federal Defenders of Montana. I represent the petitioner in this case, Robert Rose. Eighteen years ago, Rose's trial counsel was presented with a plea agreement that was very advantageous to him. But for purposes of this case and matter of law of the case, it's uncontested that he was not apprised to that offer. He ended up going to trial. And instead of getting out in what could have been time served, he was ultimately given a sentence of 100 years with 20 years suspended. In other words, 80 years. He's still in prison awaiting his first parole hearing. After he won his case, the district court ordered the state to re-offer him an equivalent plea agreement. And in the court's order saying so, it said on or before June 30th, the state is required to re-offer the equivalent terms of the May 2003 plea agreement, and that if it didn't do that, Rose should be released from custody. The state did end up offering a plea agreement, but that plea agreement was not equivalent to that that was offered in May of 2003. Does it have to be equivalent, and particularly in a situation like this, where your client agreed to the new offer, actually signed off on it? What happened was that the judge didn't agree to what your client had agreed to. How does that affect our analysis? Well, I cited a number of cases like analytical engineering and I think the Baldwin Filter case, and those cases that deal with consent decrees and with judgments. And what those cases say is that even if the parties come to some sort of side agreement, for instance, to modify a consent decree or to modify some sort of consent judgment, a district court still has no authority to effectuate or enforce those side agreements, if you will. So the fact that Mr. Rose accepted this plea agreement, in an effort, quite frankly, to get this litigation done with, he's been litigating this case for probably 10 years at least, and he wanted to get the thing over with. And so we went ahead and signed that plea agreement. And then, of course, as it turns out, he returned to state court with a state court lawyer, and that judge rejected the plea agreement. Is he right? I'm sorry, go ahead. The state court lawyer didn't necessarily reject it. Whether the state court lawyer rejected it or not has no emphasis here. The fact is the state court judge rejected it. No, and that's what I meant. I'm sorry if I misspoke. The state court judge, you are correct, not the state court lawyer. And so therefore, it didn't matter what kind of a plea agreement they would have come to. The judge said, I'm not going to give it to you. What you have to come back to, though, is in habeas cases, when there's been some sort of violation. I understand in habeas cases what there is. But here's the ultimate is you have a habeas case. The district court, in its discretion, said, I'm going to grant you a conditional writ. And as a part of that conditional writ, here's what's got to happen. Then your client signed off on that. Let's just suppose that it was, whether he signed off or not, he didn't. I don't care about that. So this district court judge says, in my discretion, I'm giving you a conditional writ. Then the district court in the state said, I don't care what you're going to get. I'm not going to give you any different than what I gave you because da-da-da-da-da-da. And that state court judge had every opportunity, every right, every opportunity to do whatever the state court judge wanted to do. Then you come back and say, OK, Judge Molloy, now you've given me a conditional writ. Now I want you to undo this because they didn't give me what you wanted them to give me. At that point, counsel, what is my review of Judge Molloy's decision? Judge Molloy's decision, and I guess I don't know if that's taken me to the first certified issue, and that is whether or not . . . Well, what I'm trying to get you to, we passed by the COA issue. We're at the merits now, and here I am at the merits. I would have given you the business on the COA first, but since Judge Smith started off with the merits, I'm going there. We have a district court who now has said this is the conditional plea. In my discretion, I'm saying that has to happen. And now you're coming back to the district court who gave the plea, who gave the opportunity, who fashioned, if you will, what it was that would have to happen. And now that district court said that's the same exact thing they got before. It's equivalent. What is my review of that? I think the denial of a review of a Rule 70 motion is for abuse of discretion, Judge. So if it's an abuse of discretion, then at that point, the district court put this together, fashioned it. The district court's got it back and looking at it. And the district court says it's equivalent. I've got to say then what? That it's totally clear error? Not clear error. Well, then what have I got to say? Well, abuse of discretion. Well, what is abuse of discretion? It's illogical. It's unfathomable. There's nothing in the record which would suggest it. Now this was the district court who put it together. And now he's reviewing it. And you're asking me to say that he has abused his discretion in saying it's equivalent? To the extent it's relevant, I would quibble with the fact that Judge Malloy put this plea agreement together. Well, he's the one who said, you've got to do this, this, and this. And if you do it, it's fine. And if you don't, he gets out. And now it comes back to him and he says, it was what I told him to do. It was exactly what I told him to do. In my discretion, I'm saying it was exactly what I intended. And at that point, you're saying to me, you're on high, Judge Smith. Tell Judge Malloy he doesn't know what the he's doing. I'm not suggesting you put that in an opinion, Judge. Well, I know you're not. I know what you're suggesting. I'm just trying to make it clear what I'm seeing here. I mean, I'm a big standarder. What did you put in the record? What do you mean by that? What did I mean? I mean, I'm just trying to put it in my vernacular as to what you're trying to get me to do. Because now, if I'm reviewing this on an abuse of discretion review, I don't think I can say it's an abuse of discretion. It's totally illogical, what he thought. Totally illogical. Totally without foundation in the record. Totally unfathomable that he would come there. And that's where I think your toughest question is on the merits. And that's why I don't know whether I'd grant you a COA if you had to have one, because you didn't get one. And so there we are. It's all wrapped up in that question. That's why I hit you with it. Well, I would judge Moore as a fine judge. He's a great judge. He's a great judge. No doubt about it. He speaks highly of you. Pardon me? He speaks highly of you. Oh. But I would say in this case, he abused his discretion because when you compare the two plea agreements, the plea offer made in 2003 with the offer that was made in 2016 or whenever it was, there were major differences. Well, it depends on whether it's what major is. And that's what we have to determine. Did Judge Malloy look at this thing and with the ability to make the discretionary decision? He may have been wrong, but even if he's wrong, as long as it's not illogical what he did, as long as he didn't apply any law which was bad, as long as it's not without any ability in the record to sustain it, I'm done. Frankly, I was a DJ, and I love that abuse of discretion standard. Oh, I'm sure, Judge. Because I didn't want the Ninth Circuit telling me what the heck I was doing. Right. I mean, de novo, they can do whatever they want to do. But abuse of discretion, come on. And the problem is that Mr. Rose should have, once he proved his constitutional violation, been put back in the position that he was in back in 2003. And that would include getting the same plea agreement, the same plea offers. Didn't we already have that case? Didn't that already come up before us once, and the conditional writ was affirmed by this court? Well, what we came up with before was we were essentially arguing, and we lost due to language in Supreme Court cases, that Judge Malloy erred when he told the State District Court that you can accept this agreement or not. And so Mr. Rose went back, and the State District Court judge followed that admonition and just refused to accept the new plea agreement. Can I ask you, your client filed the 70A motion? Yes. Would that even be a proper motion to file in this context? Because that rule talks about the District Court ordering another person, basically appointing somebody, to carry out the court's order. In the context of a habeas case like this, who is Judge Malloy supposed to appoint? It doesn't seem like there would be anybody he could. It doesn't seem like the right fit for this kind of claim, recognizing that your client filed this pro se, I think. Well, I think it would be Mr. Lynn Geyer, who's sitting in for the State. So essentially, he'd be ordering the State, just like I think he could order a corporation to execute a deed to give to someone. So I think that the Rule 70 does fit. And Rule 70 fits, and it fits well, because we're not contesting Judge Malloy's ultimate judgment at this point. We can't. You're correct. That was decided before by this court and affirmed, well, the Supreme Court denied certiorari on the issue. So we are not contesting Judge Malloy's ultimate judgment. What we're trying to do is enforce his ultimate judgment. If this is in the 70A motion, what would it be? Well, the Rule 70A motion would be to offer... I understand what the motion was. But if, in fact, my colleague is correct, it doesn't fit, am I allowed to substitute a different motion that he could have brought in this instance instead of 70A? I quite honestly haven't thought about that. I don't think Rule 60 applies, because that's attacking a judgment. I think Rule 59 does the same thing. So I think that the Rule 70 motion was the appropriate vehicle for him to take here. Can we work backwards? I apologize to my colleague for jumping ahead to the merits, but there is, in fact, this COA issue. In this case, since a Rule 60 motion would have required a COA, why, in the way you've used it, wouldn't a Rule 70 motion also require a COA? A Rule 70 motion would not, because it does not touch on the merits of what the judge did in entering the judgment. All we're trying to do is enforce the judgment. What do you mean it doesn't touch on the merits? The ultimate judgment here is everything went fine. The conditional writ was applied, and, therefore, you got no case. That's the judgment. How does the conditional writ not fit into that? Well, normally, take... I mean, I know what you're saying as it relates to, well, was there a sentence or it wasn't there, but 60B motions do the same thing you're trying to do, except in a different situation. You're just trying to say, we've got a conditional writ here, so with the conditional writ, why? Is the conditional writ valid? Was it validly done? Should my client get out? The judge says, no, the conditional writ was validly done. You can't get out. If I read Peyton v. Davis, if I read Winkles, if I read Harbison, they ought to have a COA. Based on those cases? Yes. And I guess, Your Honor, with all due respect, I just read those cases differently. I think... I mean, I used an example to take it out. Well, you need a COA to rule on a 60D motion, right? That's correct, yes. You need one pertaining to a district court's adjudication of the habeas. Isn't this adjudicated now? It's adjudicated, but all we're trying to do is enforce the judgment. Well, I understand, but... And you can disagree with me on that, but I think that a COA... Well, I looked at 60B, I looked at 60D, I looked at all these things that come out where you were, and I couldn't find it because it seems to me this is close. That's why I even asked you if you've got another motion that would work. Because 70A may not work, as my good colleague pointed out. All right. Okay. Thank you, Judge. You're going to say the balance of your time there? I will. There's 55 seconds. Oh, great. Okay. Very well. We'll hear from the government. Good morning. Good morning. May it please the Court, I'm Tammy Pluvel, Montana Assistant Attorney General, appearing on behalf of the State of Montana. Mr. Rose's pro se Rule 70 motion was really another attempt for him to advocate for what he believes the appropriate remedy for his ineffective assistance of counsel claim should have really been, and that is his immediate release. In resolving the issues before this Court, in Mr. Rose's most recent appeal, it's important to keep in mind a number of factors. The first of which is that this Court has already ruled that the Federal District Court did not abuse its discretion when it applied the very remedy that Lafler v. Cooper demanded. The second is that there is no factual dispute that in compliance with the conditional writ, the State timely re-offered an agreement to Mr. Rose and his counsel, and Mr. Rose accepted that offer. It's also important to remember that Mr. Rose's and his counsel's acceptance of that offer is an objective manifestation of their understanding that that re-offered plea agreement was of equivalent terms. Just because they accepted it? I think that because of the timing of all of this and because of when he raised his Rule 70 motion, yes, it's appropriate to consider that as an objective manifestation that they believed that agreement was of equivalent terms. Mr. Rose... What would they have done if they hadn't? What they would have... Well... I mean, you say it's an objective manifestation. I'm just pushing you a little bit. Sure. I mean, nobody said this is the same. Nobody put it in the record this is the same. The only thing that we've got is they accepted it. Right. And I would respond that, number one, Mr. Rose wasn't ever afraid to raise objections in the last 18 years or to litigate any issue he deemed appropriate. So, I think based on the record in its totality in front of this Court, it's reasonable to conclude that if he believed that it was not of equivalent terms, that he would have said something. Can I ask you the same question I asked Mr. Ness, which is at the point that the state court decided that it was not going to accept this new plea agreement and he went back to the federal court, was it proper for him to file a motion styled under Rule 70A? I... I believe that there has to be some mechanism for the federal district court to assure that the state has complied with a conditional writ. And so, I believe that it was appropriate. So, the government does not object to the fact that it was a 70B motion? Well, I believe that other... I think it perhaps... you perhaps could use Rule 60 in this context. Well, I understand that, but I guess my worry is if the government's not going to argue that this is a problem, I want to know it. Well, actually, in the briefing order, that wasn't one of the issues that we were ordered to respond to, so the state had not anticipated arguing that. What the state would say is that there's a significant case law that suggests that the district court has to have the ability to make sure, obviously, that the state has complied with its conditional writ. On the COA question, is it your position that anytime there's a COA in the habeas... anytime there's a 70A in the habeas context, you're going to need a COA, or are there going to be some 70A motions where you won't need one? Well, I think that that's a really good question and an interesting question. And I think, at least in the context of a conditional writ, you would always need one because you always have to harken back to what happened, what the conditional writ actually said, and what was the conduct of the petitioner and the state. And I think those things all touch upon the habeas proceeding itself, and there is obviously an allegation that there was some defect in that process. Okay, if you needed a COA and they didn't get one, should we issue one? No. Why? Because Mr. Rose didn't... Aren't we really going to the merits there? Or are we? Well, maybe superficially you look at the merits because it's somewhat... I need to take a little peek at the money in the case law. Yes. Yes. Even if we granted the COA, even with a peek, you're saying there's nothing to it after we get here. On the merits itself, yes. Because Judge Malloy did not abuse his discretion. And in that regard, I think there's a number of factors to consider. Obviously, the state believes that it acted in good faith and it re-offered an agreement of equivalent terms. And when you look at what Mr. Rose is saying is not equivalent, it's that... Well, first we have to back up and really think about what was the material terms at issue here. What Mr. Rose wanted was less time in prison, understandably. And the two agreements basically are identical other than the state specified in the 2016 agreement that it was going to recommend the maximum sentence. But if you consider the record before this court, including the depositions that occurred through discovery, Mr. Korn made it very clear that he was going to recommend the maximum sentence. So more specificity was not going to make the district court judge reject or accept this agreement. Finally, I think... There's no question that the two both said they're going to dismiss the aggravating kidnapping and the assault on the judicial officer. Yes. And there's no question the two said they're going to plead to assault with a weapon and plead to assault and that the plead to assault is going to run concurrent to the assault with the weapon. Actually, I believe it was consecutive. Sorry, yeah, consecutive. You got it right. And the only thing that is is that in the first time they didn't say what they were going to recommend on the plead to assault with a weapon but they did say they were going to cap the persistent felony offender at ten years. Right. And that was the illegal portion of that proposed agreement. And it was illegal on the law that existed at the time. And with respect to my state Supreme Court, they later erred in interpreting that law and then in Gunderson that occurred well after Mr. Rose's case, they had to correct that mistake that they made in Gaither. But it was the clear law at the time. Kelly Sather was correct that it was an illegal sentencing provision. But if, in fact, you're going to go first to the assault with a weapon and recommend a sentence and then go thereafter to the persistent felony offender and recommend a sentence, you can't do that. And that's what got corrected in the 2016 agreement. And Judge Malloy recognized that that needed to be corrected. Because the law in Montana is that when you're sentenced as a persistent felony offender, that sentence replaces the sentence for the underlying offense. It is not in addition to the underlying offense. And the 2016... And so therefore, because there was an assault with a weapon which could get 20 years and the persistent felony offender was offered at 10 years, offering 30 with 5 off was the same. It was a plea agreement of equivalent terms. And I think it's also important to note that with respect to Mr. Rose complaining about the conditions that were in the 2016 agreement, we can't necessarily look at that in a vacuum because we know that Mr. Rose has already been sentenced. And the sentence that the State District Court imposed in 2004 actually contained all of those conditions in the agreement and more. And most of those things are restitution or registering as a violent offender. The other conditions with respect to drug and alcohol monitoring and not using drugs or alcohol and chemical dependency treatment absolutely were going to be imposed because Judge Langton had concerns about community safety if Mr. Rose were out. Supposing that the alternative to the conditional writ had occurred, would the defendant then be free or would the defendant be subject to further trial? I think that it would be a windfall to say that the defendant would simply be free and then the interesting part of this case is that Mr. Rose has already received a jury trial free of constitutional error. So if Judge Malloy had believed that the terms were not equivalent then it seems that the appropriate remedy at that point would have been to identify what was not equivalent and remove that. That's not what the writ said, is it? No, but Judge Malloy said, ruled in his discretion, that the plea agreements were of equivalent terms. And just very quickly touching on the issue of the Certificate of Appealability if Rule 70 is an appropriate mechanism to do what Mr. Rose attempted to do in this case, is very much akin to a Rule 60 motion where this court as you have pointed out in both Winkles and Payton has ruled that a Certificate of Appealability is required. The state in keeping with the United States Supreme Court's decision in Harbison this court's decision in Winkles and Payne the text of Section 2253C and the underlying policy of the statute the state requests that this court rule that a COA is required to appeal the denial of a Rule 70 motion and that Mr. Rose failed to meet his burden of proving that a COA is warranted. Alternatively the state requests that this court rule that the Federal District Court did not abuse its discretion when it denied Mr. Rose's Rule 70 motion after concluding that the state acted in good faith, complied with the writ, and offered a plea agreement of equivalent terms. Thank you. Thank you. Counsel, you have a little bit of time left and I do mean a little bit. I understand that, Judge. My esteemed counsel, she indicated that a conditional writ Rule 70 filed in the context of a conditional writ should always require a COA and I just disagree and I would use I'd use an example of say bring this guy to trial or release him, the state refuses to do it you go back to the district court the district court judge for whatever reason won't force the state to comply with its writ and so you come up on the Rule 70 I just don't see how that touches on the merits I would also be somewhat concerned about sometimes requiring a COA in a Rule 70 context and other times not I think a bright line rule would be better that bright line rule should be that a COA just simply is not required to enforce a judgment and so with that I will leave five seconds early. Thank you. Thank you both counsel for your argument we appreciate it. The case just argued is submitted.
judges: M. Smith, Jr., N.R. Smith, Bress